**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 10 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MICHAEL LYNN CALDWELL,

  Petitioner - Appellant,

v.

GLYNN BOOHER, Warden,

  Respondent - Appellee.

No. 02-6242
D.C. No. CIV-02-223-C
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **LUCERO** and **O'BRIEN**, Circuit Judges.

  In February 2000, Petitioner-Appellant Michael Lynn Caldwell was convicted in Oklahoma state court of one count of Possession of a Controlled and Dangerous Substance with Intent to Distribute. A search of Caldwell's home pursuant to a warrant revealed more than 200 grams of marijuana, almost 2 grams of marijuana seeds, and four scales. He was sentenced to twelve years in prison

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and fined $40,000. After direct review in state court that affirmed his conviction, Caldwell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Western District of Oklahoma. Consistent with a magistrate's Report and Recommendation, which the district court affirmed in its entirety over Caldwell's objections, the district court denied Caldwell's habeas petition. The district court also denied Caldwell a certificate of appealability and his motion to conduct his appeal in forma pauperis. Proceeding pro se, Caldwell filed a motion with this court to conduct this appeal in forma pauperis, applies for a certificate of appealability, and appeals the dismissal of his petition for a writ of habeas corpus.

In his habeas petition, Caldwell made eight claims: (1) that evidence was seized from his home in violation of both the Fourth Amendment of the United States Constitution and Section 30 of the Oklahoma Constitution; (2) that the prosecution impermissibly introduced evidence of his arrest in violation of state law and the federal constitution; (3) that the introduction of hearsay testimony violated state evidence rules and his federal constitutional right to confront the witnesses against him; (4) that the prosecutor engaged in misconduct by referring to facts not in evidence in closing argument; (5) that he suffered from ineffective assistance of counsel at trial; (6) that the bailiff had improper contact with the jury during trial; (7) that his sentence is excessive; and (8) that cumulative errors

entitle him to habeas relief. In his appeal to us, Caldwell challenges the district court's denial of all of these claims except claims (6) and (7).

We conclude that Caldwell's Fourth Amendment claims are foreclosed by Stone v. Powell, 428 U.S. 465, 494 (1976), which holds that habeas relief is unavailable for Fourth Amendment violations when the petitioner had a full and fair opportunity to litigate such claims below. See also Smallwood v. Gibson, 191 F.3d 1257, 1265 (10th Cir. 1999). Caldwell's other claims are without merit, involve claims under state law that are not reviewable in a federal habeas proceeding, see, e.g., Davis v. Reynolds, 890 F.2d 1105, 1109 n.3 (10th Cir. 1989) ("Alternative claims, whether grounded in state statutes or the State Constitution, are not cognizable under 28 U.S.C. § 2254(a)."), or are non-reversible, harmless errors.

Accordingly, for substantially the reasons stated in the magistrate's Report and Recommendation, we **DENY** a certificate of appealability and **DISMISS** the appeal. Caldwell's motion to proceed in forma pauperis is **GRANTED**.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge


- 3 -